Contest of the probate of the alleged last will of Marie J. Noon. Probate decreed.

Frank M. Hardenbrook, for proponent.

McEwan & McEwan and Denis A. Spellissy, for legatees.

Joseph B. Braman, for contestant.

THOMAS, S. The decedent was about 60 years of age, and had been a school-teacher. The paper propounded for probate was entirely in her own handwriting, and was produced by her on the evening of its execution, when she and the subscribing witnesses had met for the purpose of playing whist. At that time there were blank spaces in the final or testimonium clause for the date of execution, and there was also a blank space in the attestation clause for the name of the testatrix, so that it then read, "Subscribed by ———, the testatrix," etc. The decedent announced that she desired to execute the paper as her will. She thereupon filled in the date, and wrote her name in the blank space in the attestation clause, and thereupon declared it to be her will, and requested her friends to sign as subscribing witnesses, which they did; all the signatures being affixed in the presence of the testatrix and by the witnesses. She then took the paper into her own possession, and it was found among her effects after her decease. Objection is made that the writing of her name by the testatrix in the place described was not a subscription at the end of the instrument. I find as a fact that the decedent in writing her name in the presence of the witnesses intended to subscribe and execute the paper and give it force as her last will and testament, and that her signature so made was understood by the witnesses to be her subscription to the document which they attested. It was not intended by the decedent merely to fill in a gap in the attestation clause, but this gap was purposely left blank by her for the very purpose of being filled up by her signature in the final execution of the will. The case is therefore entirely similar to In re Acker, 5 Dem. Sur. 19, where like facts were determined to require the admission of the paper to probate. The signature of a testator in and forming a part of the attestation clause was held a good subscription of a will by the English court of probate in Re Goods of Walker, 2 Swab. & T. 354, and this case was cited and relied on in Sisters of Charity v. Kelly, 7 Hun, 290. In reversing the last-named case, it was pointed out that the signature in that case had been made after the witnesses had signed, and the English case received implied approval. Id., 67 N. Y. 409, 414. The name written in the beginning of the attestation clause was at the physical end of the will, within the rule commented on in Re Andrews, 162 N. Y. 1, 56 N. E. 529, since the attestation clause formed no necessary part of the will. The paper will therefore be admitted to probate.

Probate decreed.