## Estate of ALFRED MAX HARTTER, Deceased.

[No. 16,959 N. S.]

**Wills—Execution—Subscription at End—Signature of Testator, in Attestation Clause.**—Where a testator writes his name in a blank space in the attestation clause of his will, instead of at the usual place, the instrument will not be denied probate as not "subscribed at the end thereof," when it distinctly appears that it was intended by him, and so understood by the witnesses, as his subscription of the will.

Edward C. Harrison and Maurice E. Harrison, for proponent.

COFFEY, J. The petition in this matter propounds for probate a document of which the following is a copy:

"In the Name of God, Amen!

"I Alfred Max Hartter being of sound mind and memory, but knowing the uncertainty of human life, do now make and publish this my last will and testament, that is to say: that I bequeath my whole estate to my mother Emily Hartter."

"_____. (Seal)"

"Signed, sealed, published and declared by the said Alfred Max Hartter, the testator, as and for his last will and testament; and we, at his request and in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto, this fifteenth day of August, A. D. 1912.

"Attest:                    John B. Wuersching.

                    "Johnson Scholl Bruner Smith."

Mr. Smith, one of the subscribing witnesses, testifies that the name "Alfred Max Hartter," where it last appears in this document, was written by the decedent in the presence of the witnesses, that he declared to them the document to be his will, and had them both, at his request, and in his presence, sign it as witnesses.

The entire written part was inserted by the hand of testator in the presence of the witnesses.

All the document following the word "Seal," with the exception of the date and the three names appearing, is in print.

Is this will "subscribed at the end thereof"?

The courts of California furnish no answer to this question.

The supreme court of Ohio has answered it in the negative in the case of Sears v. Sears, 77 Ohio St. 104, in which case that court said:

"In the case before us the will is not signed by the testatrix at the end thereof. The testimonium clause is as follows: 'In testimony whereof, I have set my hand to this my last will and testament, at Lakewood, Ohio, this sixth day of June, in the year of our Lord one thousand nine hundred and three ——.' The obvious purpose for which this blank line was left was for the signature of the testatrix, and it was intended as the end of the will. The absence of her signature there not only discloses that the will is not signed by her at the end thereof, but also implies that she did not sign it at all. The attestation clause signed by the witnesses recites that the foregoing instrument was signed by the said Arminda S. Nicholson in our presence; but this does not change the fact, and in the absence of a signature is without legal effect. If a scrivener had prepared the will, and had written her name where it appears in the attestation clause, her name there would have been merely *descriptio personae;* and, when it is shown that the testatrix was her own scrivener, the natural presumption is that it was so intended; and, even if the fact was that the testatrix wrote her name there, intending by that act to sign her will, still her signature would not be at the end of the will, and her intention could not have the effect of transposing it. The question is, not, What did the testatrix intend? but, What did she do?"

In New York the contrary rule is decisively established and the question in this case answered in the affirmative.·

Testatrix drafted a will, and left a blank space in the testimonium clause for date of execution, and also a blank space in the attestation clause so that it read, "Subscribed

by ——, the testatrix,'' etc. Thereafter, while some friends were visiting her, she produced the paper, and announced that she wished to execute it as and for her will. She thereupon filled in the date in the testimonium clause, and subscribed her name in the blank space in the attestation clause, declared it to be her will, and requested her friends to sign as subscribing witnesses, which they did. Held that, since the attestation clause is no part of the will, the signature of the testator was subscribed at the end of the will and that it was entitled to probate:

In re Noon's Will, 31 Misc. 420, 65 N. Y. Supp. 568;

In re Gibson's Will, 128 App. Div. 769, 113 N. Y. Supp. 266.

The statute provides: ''A will shall be subscribed by the testator at the end of the will.'' This requirement is an essential, but it is to be construed liberally in favor of the will, and no rules of construction should extend beyond the requirement of the statute: Hoysradt v. Kingman, 22 N. Y. 372. The reason for requiring the signature of the testator to be at the end of the will is for the purpose of avoiding additions to the will after its execution. The law does not require any particular form for the wording of a will, and it is very usual to find words and phrases in a will other than disposing words. It is not unusual to find words of advice and direction in a will, as well as bequests. A will may be valid without making any disposition of property, as, for example, where a will merely appoints an executor. It is a rule of very general application that surplus words in a document do not vitiate it, so in the will under consideration some of the words of the attestation clause are incorporated in the will, and that is in no sense harmful. The attestation clause is no necessary part of the will: Jackson v. Jackson, 39 N. Y. 156. A regular attestation clause is useful as a memorandum of the essentials that occurred at the time of the execution of the will and as an aid to the memory of the witnesses, and is especially valuable in case of the death of the subscribing witnesses. It is not essential to the validity of a will. The form of the attestation clause is not material.

In considering this case, we find that an almost similar question has been before the courts on other occasions. In the case of Younger v. Duffie, 94 N. Y. 535, 46 Am. Rep. 156, the testator signed at the end of the attestation clause, and, after his signature, came that of the subscribing witnesses, which was held a substantial compliance with the statute, and that the signature was at the end of the will; citing Matter of Gilman, 38 Barb. 364, holding in substance that, if no disposing provision follows the testator's signature, the signature is at the end of the will. In Will of Cohen, 1 Tucker, 286, the testator signed beneath the attestation clause, and the execution was held good. Under an English statute of wills (1 Vict. c. 28, sec. 9), similar to ours, a testator signed his will by writing his name in the attestation clause. It was held that the signature was at the end of the will and the will entitled to probate. In Goods of Walker, 2 Swa. & T. 354. In Matter of Noon, 31 Misc. Rep. 421, 65 N. Y. Supp. 568, the testator used a printed will blank on which she wrote her will and subscribed in the attestation clause. The court held that the name being in the attestation clause was at the physical end of the will, inasmuch as the attestation clause is not a necessary part of the will. Matter of Acker, 5 Dem. Sur. (N. Y.) 19, is to the same effect.

It is clear from the foregoing decisions that the testatrix by signing in the attestation clause incorporated in her will a part of the attestation clause, which is surplusage, and the signing was as truly at the end of the will as though she had signed just above the attestation clause, as is usually done. The testatrix in this case did not divide her will into paragraphs; the whole will being one solid paragraph. I am satisfied that she complied with the requirements of the statute as to the signing of the will. Some of the contestants have confused the case of Sisters of Charity v. Kelly, 67 N. Y. 409, thinking it authority against this will, but I do not so read that case, which is easily distinguishable, the facts being different in the two cases, as Kelly, the testator, signed after the witnesses had signed. There is nothing in the Kelly case that can be construed as an authority against the will in question: In re De Hart's Will, 67 Misc. Rep. 13, 122 N. Y.

Supp. 220; Matter of Acker, 5 Dem. Sur. (N. Y.) 19. And to the same effect see: Matter of Walker, 8 Jur. (N. S.) 314, 31 L. J. P. & M. 62; 5 L. T. (N. S.) 766.

The same courts hold even that a signature after the attestation clause is good: Younger v Duffie, 94 N. Y. 535, 46 Am. Rep. 156; Matter of Laudy, 78 Hun, 479, 29 N. Y. Supp. 136, 147 N. Y. 699, 42 N. E. 724; Cohen's Will, Tuck. Sur. 286.

So also holds the supreme court of Wisconsin: In re Young, 153 Wis. 337, 141 N. W. 226.

The cases in California which come nearest to the question are: Estate of McCullough, Myr. Pro. Rep. 76; Estate of Blake, 136 Cal. 306, 89 Am. St. Rep. 135, 68 Pac. 827; Estate of Seaman, 146 Cal. 455, 106 Am. St. Rep. 53, 80 Pac. 700, 2 Ann. Cas. 726; Estate of Williams, 5 Cof. Pro. Dec. 1–24.

None of these decisions is sufficiently close in point to give the court much aid; but expressions are found in the opinions, which incline to favor the New York rule.

It is a settled rule that the technicalities of the law relating to the making of wills are deemed to have been satisfied, where the circumstances surrounding the transaction show a substantial compliance: Estate of Williams, supra.

In determining what is the end of a particular will, no doubt the principle of liberal construction may be applied. (Chief Justice Beatty in concurring opinion in Estate of Seaman, supra.)

In this case of Seaman the will was denied probate as not properly executed; but an examination of the opinion shows that this holding was based upon and followed New York cases almost exclusively; and not one of the cases from New York hereinbefore cited is there alluded to; from which it plainly appears that the facts in that case (and in the New York cases there discussed and followed) call for the application of a different principle and a different rule from the one laid down in the New York cases here cited, the first four of which listed are, as to the facts, identical with this.

Section 1276 of the Civil Code requires every will other than nuncupative or holographic to be "subscribed at the end thereof," by the testator in the presence of two attest-

ing witnesses, each of whom must in his presence and at his request sign his name as a witness "at the end of the will." This section is from the Revised Statutes of New York, adopted by that state in 1830. These provisions were incorporated into the Civil Code prepared for adoption by that state by David Dudley Field, and in their report of a Civil Code to the legislature of 1871, the code commissioners of this state refer to this code as the source of the section. In considering the section the decisions of that state upon the same question are therefore entitled to great consideration.

The true test to determine whether a decedent has subscribed his name at the end of a will is to take the document as it left his hand, and then, disregarding the signatures of the witnesses, and all evidence aliunde, to see whether it is apparent that his name was placed where it appears for the purpose of execution: Estate Seaman, 146 Cal. 460–467, 106 Am. St. Rep. 53, 80 Pac. 700, 2 Ann. Cas. 726.

This will must be regarded as sufficiently executed, in all respects. The only question relates to the subscription. That the place where he wrote his name was intended by him to be a subscription of his will, there can be no doubt, and it was that signature which the witnesses attested. That it was written in a blank space in the attestation clause can make no difference, when it distinctly appears that it was intended by him, and so understood by the witneses, as his subscription of the will, and it is, substantially, at the end thereof. There is nothing in the case of Sisters of Charity v. Kelly (67 N. Y. 409), which conflicts with this view: Matter of Acker, 5 Dem., Sur., R. (N. Y.) 20.

In such circumstances, and in the condition of the authorities, it should seem that, in this instance, within the limitations of the evidence in this particular case, it would be safe for the court to follow the lead of the New York cases and admit the paper to probate, and it is so ordered.

---

The Rule That the Signature of a testator shall be at the end of the will is the subject of a note in Ann. Cas. 1913C, 845.