Matter of the Application for Letters of Administration of the Goods, Chattels and Credits of HENRY RUDOLPH, Jr., Deceased.

Matter of the Probate of a Paper Writing Purporting to be the Last Will and Testament of HENRY RUDOLPH, Jr., Deceased.

(Surrogate's Court, Westchester County, November, 1916.)

Wills — signature of testator — when probate decreed — subscribing witnesses — when signature may be regarded as being " at the end of the will."

Where all the writing of a last will, drawn on a blank form, other than that of the subscribing witnesses is in the handwriting of testator and both witnesses testify that testator's signature, which was in the attestation clause, was written therein by him before they signed it, testator's signature may properly be regarded as being " at the end of the will," and probate thereof will be decreed.

Misc.]    Surrogate's Court, Westchester County, November, 1916.

PROCEEDING for the probate of a last will and testament.

George C. Appell, for proponent.

Odell D. Tompkins, for contestant.

SAWYER, S.    This is a proceeding for the probate of the will of Henry Rudolph, Jr.    The will produced is drawn upon a blank form furnished by a law blank publisher.    All of the writing on the instrument is the handwriting of the testator, except the names and residences of the attesting witnesses.

The last portion of the law blank form, before the same was filled in by the testator, is as follows:

" I hereby appoint ............ to be Execut....
of this my last Will and Testament.

" In Witness Whereof, I have hereunto subscribed my name, and affixed ·my seal, the ...... day of ............ in the year one thousand nine hundred and

"  ......................

" Witnesses:

"  ......................

"  ......................

"  ......................

" Subscribed by ............ the Testat.... named in the foregoing Will, in the presence of each of us, and at the time of making such subscription, the above Instrument was declared by the said Testat.... to be ...... last Will and Testament, and each of us, at the request of said Testat.... and in ...... presence and in the presence of each other, signed our names as witnesses thereto.

"  .................... Residing ................

"  .................... Residing ................

"  .................... Residing ................ "

Surrogate's Court, Westchester County, November, 1916.   [Vol. 97.

After the same was filled in by him, it read as follows:

" I hereby appoint Martha E. Rudolph and Louis W. Rudolph to be Executors of this my last Will and Testament.

" In Witness Whereof, I have hereunto subscribed my name, and affixed my seal, the 2nd day of March in the year one thousand nine hundred and twelve.

"    .....................

" Witnesses:

"    .....................

"    .....................

"    .....................

" Subscribed by Henry Rudolph, Jr. the Testator named in the foregoing Will, in the presence of each of us, and at the time of making such subscription, the above Instrument was declared by the said Testator to be his last Will and Testament, and each of us, at the request of said Testator and in the presence and in the presence of each other, signed our names as witnesses thereto.

" WILLIAM C. HELWIG   Residing 452 So. 5 Av.

" GEORGE C. CLARK    Residing 23 North 10th Ave.

"  ..................:.... Residing ................ "

The will is contested by heirs-at-law of the decedent on the ground that it is not executed as provided by the statutes of the state of New York.   They insist that the will was not signed at all by the testator, and, if signed, the signature was not at the end, and that publication thereof was defective.

There is no claim that the testator was not competent to make a will and there is no suggestion of fraud or undue influence.

Section 21 of the Decedent Estate Law sets forth

the manner in which a will must be executed. It is as follows:

" Manner of execution of will.— Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

" 1. It shall be subscribed by the testator at the end of the will.

" 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

" 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

If the testator, by writing his name in the attestation clause of the will, placed it there for the purpose of execution, his signature may properly be regarded as being at the end of the will. *Matter of Noon*, 31 Misc. Rep. 420; *Matter of De Hart*, 67 id. 13, and cases cited therein.

In the latter case the court, in citing *Hoysradt* v. *Kingman*, 22 N. Y. 372, states as follows: " The statute provides: 'A will shall be subscribed by the testator at the end of the will.' This requirement is an essential, but it is to be construed liberally in favor of the will and no rules of construction should extend beyond the requirement of the statute."

After carefully considering all the facts and circumstances, I am convinced that there has been a practical compliance with the statute in this case, and that the will was signed at the end by the testator and properly executed.

Surrogate's Court, Westchester County, November, 1916.   [Vol. 97.

The will as it is offered for probate has the signature of the testator in the attestation clause.   Both subscribing witnesses testified that it was in his handwriting.

The whole will was written by the testator, except the printed form of the blank.   The ink used by him had the appearance of being frozen and was a very pale black.   The signature in the attestation clause was written with the same ink.   The subscribing witness, William C. Helwig, evidently used the same ink for his signature.   He testified he came to the testator's desk and signed as a witness.   The testator said, when he asked the witness Helwig to do him a favor, *" He says I have* just made a will and would like to have you sign it."   Asked if he signed the will in his presence he replied, " He *did not that I know of*." Said witness was further asked these questions: " Q. Do you recall at the time you signed it whether or not this space was filled in?   A. I can't remember. Q. You don't recall whether that was there the time you signed?   A. I do not."

The testator, when he went to the witness, did not say I am going to make- a will.   He said *I have just made a will,* implying that he had already signed the same.

. This all tends to show that the signature was written in the attestation clause by the testator before the witnesses signed.

There is no doubt in my mind that the will was exhibited to the witnesses and declared by the testator to be his last will and testament.

This is further evidenced by an attestation clause duly signed by both attesting witnesses.

This is a sufficient publication.   *Matter of Holmberg,* 83 Misc. Rep. 245; *Matter of Bassett,* 84 id. 656, and cases cited.

In *Matter of Holmberg* this court, in writing the opinion, stated, at page 247, as follows: "After an examination of the various authorities I am convinced that the actual exhibition and disclosure by the testatrix to the witnesses of both will and signature, accompanied with a declaration of the testamentary character of the instrument, is a sufficient acknowledgment of the signature within the requirements of the statute. *Baskin* v. *Baskin*, 36 N. Y. 416; *Matter of Phillips*, 98 id. 267; *Matter of Mackay*, 110 id. 611; *Matter of Laudy*, 148 id. 403; *Matter of Turell*, 47 App. Div. 560; affd., 166 N. Y. 330."

Little credence should be given to testimony of a subscribing witness denying the validity of the will. *Wyman* v. *Wyman*, 118 App. Div. 109; affd., 197 N. Y. 524; *Matter of Cottrell*, 95 id. 329; *Matter of Eldred*, 109 App. Div. 777.

In *Wyman* v. *Wyman*, *supra*, the court, at pages 113–115, states as follows: "The subscribing witnesses testified that at the time they signed the paper they did not know it was a will, although each of them added his residence to his signature, a will being the only instrument to which the law requires that the residences of the witnesses be so added; that the signature of the decedent was not upon the will when they signed it; that their signatures were not made in the presence of each other, and although each swears that he signed at the request of the decedent that at the time of the signing he did not declare it to be his last will and testament, * * * by drawing the attestation clause in question he (testator) had at the time necessarily brought before his mind each one of the conditions imposed by the statute as necessary to its valid execution. 'It is quite unreasonable to suppose that such a person having drawn and signed a will and having added thereto a proper attestation clause, should have provided witnesses therefor and required

Surrogate's Court, Westchester County, November, 1916.   [Vol. 97.

them to sign a certificate to the effect that each of the required formalities had then been observed, without also providing for their actual performance.' "

In *Matter of Cottrell, supra*, the court, at pages 335, 336, 338, states as follows: "A regular attestation clause, shown to have been signed by the witnesses and corroborated either by the circumstances surrounding the execution of the instrument, the testimony of other witnesses to the fact of due execution or other competent evidence, has been held in many other cases, as well as those already cited, to be sufficient to establish a will signed by the testator, even against the positive evidence of the attesting witnesses to the contrary.   *   *   *   The two persons purporting to have signed this will as subscribing witnesses, not only each testify that none of the formalities required by the statute were complied with in its execution in their presence, but also positively deny that either of them was present at its execution or signed the attestation clause.   *   *   *   The witnesses to the will have, by signing the attestation clause, certified to the facts taking place upon its execution, directly conflicting with the evidence given by them upon the trial.   To believe this evidence requires us to suppose that the testator deliberately forged the names of witnesses to his will at a time and under circumstances when it was just as convenient for him to have obtained their genuine signatures thereto.   *   *   *   While no motive or reason appears upon the face of the evidence   *   *   * for imputing corruption or perjury to the subscribing witnesses   *   *   *   yet to believe what they testify to on the subject involves consequences so unnatural and improbable that we are constrained to hold that the surrogate was justified in discrediting their testimony."

Probate decreed.