Matter of Proving the Last Will and Testament of Cynthia Van Tuyl, Deceased.

(Surrogate's Court, Schoharie County, April, 1917.)

Wills — probate of, when denied — when instrument is not subscribed "at the end."

Where the signature of a testatrix is preceded by the disposing parts of her will and followed by the nomination of the executor, the instrument is not subscribed by her "at the end" and probate thereof will be denied.

Proceeding for the probate of a will.

George M. Palmer, for proponent.

Alberti Baker, for Anna Van Tuyl, individually and as administratrix of Cynthia Van Tuyl, contestant.

Beekman, S. The contestant has filed objections to the probate of the alleged will on the ground that the paper propounded as a will is not executed as a will and that it is not signed at the end thereof by the testatrix; that the proof is insufficient to show the due execution of the will, and that the petitioner is not a person interested as executor or otherwise, and is not in a position to ask for the probate of the said paper,

Misc.] Surrogate's Court, Schoharie County, April, 1917.

and asks that probate be denied. There is no allegation of fraud or undue influence.

The following is a copy of the paper offered for probate, the same having been written on one page:

" I Cynthia Van Tuyl of the town and County of Schoharie, State of New York, being of sound mind and memory and understanding, do make my last will and testament, in manner and form following

First, I direct that my necessary funeral expenses, (which should not exceed Fifty Dollars) and inscription on my tomb stone and all my individual debts be first paid.

2nd I give and bequeath the balance of my personal property, of every name and nature (the balance of my estate) to George B. Effner of Cody, Wyoming,

" CYNTHIA VAN TUYL $\overset{\text{her}}{X}$

$\underset{\text{mark}}{}$

In testimony whereof I have hereunto set my hand and seal and published and declared this to be my last will and testament in the presence of the witnesses named below this 3rd day of July 1914

3rd

I hereby appoint P. S. Clark as my executor.

Signed, sealed, declared and published by the said Cynthia Van Tuyl as and for her last will and testament, in the presence of us, who at her request, and in her presence, and in the presence of each other have subscribed our names as witnesses hereto.

" EDNA W. VAN TUYL
" GRICELLA VAN TUYL."

The subscribing witnesses in their written deposition testified that the testatrix in their presence subscribed her name to the said instrument by making her mark on said instrument where it appears following the words, " Cody, Wyoming, Cynthia Van Tuyl,"

her said mark appearing between the words " her " and " mark."

Section 21 of Decedent Estate Law says: " Every last will and testatment of real or personal property, or both shall be executed and attested in the following manner:

" 1. It shall be subscribed by the testator at the end of the will. \* \* \*

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will at the request of the testator."

Testamentary papers similar to the above have been the subject of serious controversy in the courts for many years. To decide whether this instrument was signed by the testatrix " at the end," involves examination of a large number of cases in the Court of Appeals and also in the lower courts. An endeavor will be made to limit the discussion to those cases where the instrument is similar to the one a copy of which appears above.

The natural desire of the court is, if possible, to carry out the intention of a testator, as expressed in his testamentary paper, but in this case where the question of the legality of the execution of a will is to be determined the Court of Appeals in *Matter of O'Neil,* 91 N. Y. 516, and in *Matter of Whitney,* 153 id. 259, has spoken to the following effect, namely: That while wills are interpreted so as to carry out the intention of the testator, that rule cannot be invoked when construing the statute regarding their execution, as in the latter case courts do not consider the intention of the testator, but that of the legislature.

It is unnecessary here to discuss the evils against which the statute is intended to provide or the safeguards which are designed to be thrown around testamentary dispositions by the statute, for the object of

the law is well understood and is stated in *Matter of Conway,* 124 N. Y. 457, as well as in several other cases cited herein. In *Matter of Whitney,* the court further states: " This statute has always been strictly construed and the will must be a completed whole signed by the testator and witnesses at the end thereof."

On the question of how material the facts and circumstances surrounding the execution of a will are, in *Matter of Hewitt,* 91 N. Y. 261, the opinion discloses that the counsel for the proponent in the Surrogate's Court claimed the right then and there to examine his witnesses to give proof of certain facts stated by him, but the surrogate declined to hear any evidence on the part of the proponent, and made a decree denying probate of the instrument upon the ground that the attesting witnesses did not sign their names at the end thereof. The Court of Appeals declared: " There was no error committed by the surrogate in refusing to hear the proofs offered on the part of the proponent. It would have been wholly unavailing to show that this will was in other respects properly executed; that there was some excuse for not placing the names of the witnesses at the end of the will; that there was the absence of fraud, and that the transaction was attended with entire good faith and fairness. The proof offered would not tend to show that the place where the signatures were signed was the end of the will. No proof could show that. That was a fact which could not be removed from the case by any evidence, and the requirement that the signatures should be at the end of the will could not be supplied by any evidence; and, hence, it was proper for the surrogate, upon the production of this instrument before him, to refuse to receive evidence and deny probate, just as he would have been authorized to do if the name of the testator, instead of being sub-

Surrogate's Court, Schoharie County, April, 1917. [Vol. 99.

scribed at the end of the will, had been simply written at its commencement." I call attention to this case to emphasize the decision of the courts that it is the statute, and not the will, which must be construed, and the length to which the Court of Appeals has gone in the disassociation of the paper writing itself together with the location of the signatures thereon, from the circumstances surrounding the execution of the alleged will.

The following three cases cited in the brief of the proponent are plainly distinguishable from the case at bar. In *Younger* v. *Duffie,* 94 N. Y. 535, the testimonium clause and a recital or certificate by a notary in the Kingdom of Spain (where the will was executed) of certain formalities follow the disposing parts of the will, and immediately thereunder followed the signatures of the testator, the three subscribing witnesses and the notary. The court in that case held that the testator and witnesses signed at the end of the will. It will be observed that nothing followed the signature of the testator and the signatures of the witnesses. In other words, no writing intervened between the signature of the testator and the end of the will.

In *Matter of Noon,* 31 Misc. Rep. 420, the testatrix prepared a will in her own handwriting, leaving a blank in the testimonium clause for the date of execution, and also leaving a blank space in the attestation clause, so that it then read, " Subscribed by——— the testatrix," etc. The testatrix in the presence of the witnesses filled in the date and wrote her name in the blank space in the attestation clause, and requested the witnesses to sign, at the same time declaring the paper to be her will. In this case no part of the will followed her signature, it being succeeded only by the balance of the attestation clause.

In *Matter of De Hart,* 67 Misc. Rep. 13, the will was

Misc.]    Surrogate's Court, Schoharie County, April, 1917.

holographic and was subscribed by the testatrix in sub-
stantially the same place and under the same circum-
stances as in the case last cited.

We will next discuss the question whether that part
of the instrument preceding the words " Cynthia Van
Tuyl X<sub>her</sub><sub>mark</sub> " may be admitted to probate rejecting the
part following including the appointment of an
executor.

In the consideration of this question we are enlight-
ened by several authorities among which *Sisters of
Charity* v. *Kelly,* 67 N. Y. 409, has frequently been
cited with approval.

The court said, after discussing other questions:
" Besides this, it may not be said that the end of the
will is at the place where the name ' *J. Kelly* ' appears.
There follows it quite important parts of a will — the
nomination of an executor, and the revocation of
former wills.   It is said that the whole testamentary
disposition preceded that name, and that on rejecting
the part naming an executor, there can be appointed an
administrator with the will annexed.   We cannot be
sure that such was the purpose of the testator.   There
are cases, in which quite a material part of the inten-
tion and forecast of the testator, centers in the selec-
tion of persons to execute his testamentary purpose;
where important trusts are created in behalf of natural
persons, important charitable institutions are founded,
or other large and far-reaching designs are shaped,
and the administration and execution of them com-
mitted to the executors of the will, who are not named
until the concluding clause of it.   Indeed, it is not an
unknown thing that the sole object of the making of a
last will has been to appoint an executor, giving no
testamentary disposition of the estate, but leaving the
executor to dispose of it according to the statute of

distribution; and such a will must be proved. (3 Redf. on Wills, 67.) So the clause of revocation of all former wills is sometimes of much import, and it is usually the final provision in a will. A will may become operative as a revocation of a former will, though inoperative in other respects. (*Laughton* v. *Atkins,* 1 Pick. 535.) Can we say that the end of the will has been found, until the last word of all the provisions of it has been reached? To say that where the name is, there is the end of the will, is not to observe the statute. That requires that where the end of the will is, there shall be the name. It is to make a new law to say that where we find the name, there is the end of the will. The instrument offered is to be scanned, to learn where is the end of it as a completed whole; and at the end thus found, must the name of the testator be subscribed."

However much the court may desire to work out the apparently main testamentary scheme of the testator we cannot disregard the authorities and especially the language used by the court in *Matter of Blair,* 84 Hun, 581; affd. on opinion below, 152 N. Y. 645. " But the fact that no harm will be likely to result in this case from a probate of that part of the will which precedes the first signature of Blair, should not have much weight with the court, for the more important question after all is, whether the decision will establish a good or bad precedent."

In examining authorities we find the following two reported cases in which the form of the will was exactly similar to the one under consideration and in which also the disposing parts of the will precede the signature of the testator and the nomination of the executor, the date and the attestation clause follow the signature. Probate was denied in both cases. *Matter of Nies,* 13 N. Y. St. Repr. 756, decided in 1887, and *Matter*

*of Gedney,* 17 Misc. Rep. 500. In the latter case Surrogate Betts is an able and well-considered opinion, says: '' The statute having prescribed that the signature of the person making the will and the subscribing witnesses shall be at the end of the will, there they must be found, and the witnesses and the would-be testator must agree as to where the end of the will is. It will not do to allow the court to determine in every particular case what is a necessary part of the will, and what superfluous, nor to decide that the intention of the deceased can be effectuated by admitting that part of the paper propounded before his signature to probate as his will and rejecting that which may follow; if so, we should have the will of the court instead of the will of the deceased.''

The Court of Appeals laid down the same doctrine in *Matter of O'Neill,* 91 N. Y. 516, saying: '' The claim that such parts of the will as precede the signature may be received and the remainder rejected cannot be supported. The statute denies probate to a will not executed in accordance with its provisions. It is either valid or invalid as an entirety as far as its execution is concerned. It is undeniable that the portion following the testator's signature contains material provisions and formed part of his scheme in making a will. At all events we have no way of determining the *extent to which he deemed them material,* and cannot give effect to one part and deny force to another.''

*Matter of Field,* 204 N. Y. 448, has been given consideration but the form of the will in that case, it will be observed, greatly differs from the will here. However, the court on page 457, in the *Field* case laid down the rule '' The natural end of a will is where the draftsman stopped writing in the consecutive order of composition * * *. The will before us when read consecutively, as the mass of mankind would read it, has

40

the signature at the physical and natural end thereof.''
In the *Van Tuyl* will, the signature of the testatrix is
not where the draftsman stopped writing in the con-
secutive order of composition, neither is it at the
physical and natural end.

A will somewhat similar in form was declared not
signed at the end and denied probate in *McGuire* v.
*Kerr*, 2 Bradf. 244.

So far as I have been able to ascertain, after con-
siderable research, the decisions are uniform in hold-
ing that papers in the form of, and signed as, the one
under consideration are not entitled to admission to
probate under the statute quoted hereinabove. The
paper propounded for probate in this proceeding is not
subscribed by the testator at the end, and probate
thereof and of the whole thereof is denied.

Probate denied.