In the Matter of the Application for Letters of Administration upon the Goods, Chattels and Credits which Were of HENRY RUDOLPH, JR., Deceased.

In the Matter of the Probate of the Last Will and Testament of HENRY RUDOLPH, JR., Deceased.

LOUIS RUDOLPH and MARTHA ELIZABETH RUDOLPH, Appellants.

Second Department, December 7, 1917.

Will — execution — signature of testator appearing only in attestation clause — when no due execution — costs — allowance to special guardian contesting probate.

Where a testator, who drew his own will on a blank form, did not sign his name in the space intended for such signature, but merely wrote his name in a blank space in the attestation clause, and both of the subscribing

witnesses testify that the signature in the attestation clause was not filled in in their presence, or acknowledged by the testator to them, there was no due execution in that the instrument was not subscribed as required by the statute.

A special guardian, who contested the probate of such will, was properly allowed $1,000 for his services.

APPEAL by Louis Rudolph and another from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 13th day of December, 1916, admitting to probate a paper purporting to be the last will and testament of Henry Rudolph, Jr., deceased, and denying an application for letters of administration upon his estate.

*Odell D. Tompkins,* for the appellants.

*George H. Taylor, Jr.* [*George C. Appell* with him on the brief], for the proponent, respondent.

THOMAS, J.:

Henry Rudolph, Jr., died October 8, 1915. The question is whether he left a last will. He did if he intended to subscribe it in the presence of the witnesses, or acknowledged the subscription to them. The will was written by the testator on a blank form, but his name does not appear on the line prepared for his subscription. It does appear in the attestation clause: " Subscribed by Henry Rudolph, Jr., the Testator named in the foregoing will," etc. The question is not whether the testator intended to make the paper a valid will. It is obvious that he did. But the Decedent Estate Law (Consol. Laws, chap. 13 [Laws of 1909, chap. 18], § 21) required him to subscribe the paper, that is, to put his name to it for the purpose of authenticating it as his will. He did in the attestation clause write his name. That would be a good subscription if he wrote it intending that it should be a subscription. Did he? It is plain enough that he wrote it for the purpose of filling a blank in the attestation clause. The blank was left there for that purpose. He fitted his name to the blank and fulfilled the purpose. He left unused the blank line where his name should have been subscribed. Now can it be said that Rudolph, who wrote his name only in the first line of the

will and again in the attestation clause, subscribed the will
for the purposes of subscription? The last clause of the will
declares: " I have hereunto subscribed my name, and affixed
my seal," but he did neither. The attestation clause states:
" Subscribed by Henry Rudolph, Jr.  *  *  *  in the presence
of each of us." That is untrue. He did not write his name
in the presence of the witnesses or either of them, or
acknowledge his subscription in the presence of either of
them. Words in the attestation clause constitute a declaration
or statement by the witnesses as if they had said, " Henry
Rudolph, Jr., the testator, subscribed the foregoing will," etc.
The name " Henry Rudolph, Jr.," is written as a part of such
statement, and for the purposes of such statement and for
no other reason, for no other purpose, and with no other inten-
tion. The question follows, whether a subscription that would
be a good one, if it was intended to be a subscription, can be
deemed a subscription, where it appears in the will only for
another purpose. I repeat that it is not a question of the
location of the signature, or of the publication of the will, or
of asking witnesses to sign and their compliance, but whether
a signature occurring in the attestation clause for the purposes
of the attestation clause can be deemed a subscription to the
will, although there is nothing to show that the testator made
it with such intention, and where the witnesses state that it
was not done or acknowledged in their presence. An inten-
tion to make a will does not show that the testator's name
appearing in the attestation clause was intended to be a sub-
scription. The intention to make a will is one thing; an
intention to subscribe it is quite another. One witness,
Clark, has no memory, but says that the will was not sub-
scribed in his presence and was not acknowledged in his presence,
and the other witness does remember the transaction, but
states that the testator did not subscribe or acknowledge
in his presence. There is nothing left indicating subscription
save the attestation clause and the name in it. Both witnesses
testify that they did not see the name there. What the
case needs in the matter of subscription is something from
which the court can infer that, when Rudolph wrote his
name in the attestation clause, he wrote it with the intention
to execute the will so far as subscription is concerned. Other-

wise, the will is not subscribed, and if not subscribed a formality required by the statute is absent. (*Matter of Booth*, 127 N. Y. 109, 115; *Sisters of Charity* v. *Kelly*, 67 id. 409.) I find nothing in the entire case that the testator subscribed the instrument, except the declaration of the witnesses in the attestation clause that he subscribed it in their presence. Their testimony is to the effect that such declaration is untrue. The paper itself belies the fact, for the only signature that is pointed to as a subscription is that in the witnesses' declaration. The alleged proof comes to this: The witnesses declare in the attestation clause that Henry Rudolph, Jr., subscribed the will in their presence, hence the name, which they use in their declaration, is the very signature which he subscribed in their presence. The name they use to attest a fact is thereby made the fact which they attest. That cannot be. The plain truth is that the testator drew a will on a blank form, filled in the blanks, except that designated for his name, and omitted to sign the will. That cannot be overlooked without direct disobedience of the statute. When the subscription is omitted the court cannot substitute another signature of the testator which, for an exclusively different purpose, has been put in another place. Here was no subscription to the will; the name in the attestation clause was not written in the presence of the witnesses; it was not acknowledged in their presence. I do not pursue the serious objection that the will was not subscribed in the presence of the witnesses or acknowledged to them. That bears on the question whether the testator intended to make the signature a subscription, and shows that he did not. Mr. Helwig, one of the witnesses, testified that Mr. Rudolph did not tell him that he had signed the will, and that he did not recall whether the signature in the attestation clause was there when he signed as a witness. He further testified that he did not see Mr. Rudolph sign or write upon the paper in any way at any place. Clark, the other witness, had little if any memory of the transaction, but he says that he is clear that he did not see Mr. Rudolph sign the paper. The special guardian was allowed $1,000 for his services. The burden fell on him, and the allowance should not be disturbed. The decree of the surrogate should be reversed and the proceeding remitted to the surrogate.

The appellants and special guardian should have costs and disbursements of the appeal payable from the estate.

Stapleton, Mills, Rich and Blackmar, JJ., concurred.

Decree of the Surrogate's Court of Westchester county reversed and proceeding remitted to said court, with costs and disbursements of the appeal to the appellants and the special guardian payable from the estate.