In the Matter of the Probate of a Paper Writing Purporting to Be the Last Will and Testament of Ida E. Miller, Deceased.

Surrogate's Court, Westchester County, June, 1922.

**Wills — holographic — failure of testatrix to subscribe codicil on same sheet as will does not prevent probate of will signed by testatrix as part of the attestation clause of will.**

While the term " will " under section 2 of the Decedent Estate Law includes " codicil " it does not preclude it from being independently probative.

The signature of the testatrix to her holographic will, which was made and subscribed by her in the presence of the attesting witnesses, was made on a line of the attestation clause, and immediately following that and the signatures of the witnesses was a separate writing in the nature of a codicil in part as follows: " This is a codicil to my last will and testament dated May 2, 1920." This codicil as well as the will was already written by testatrix when produced for execution, but the codicil was not subscribed by her although the subscribing witnesses signed their names at the end of it. *Held*, that only the will was entitled to be admitted to probate; the codicil was impotent and without force and effect.

Proceeding to probate will.

*John F. Lambden* (*Harry M. Scoble*, of counsel), for proponent.

*Walter H. Dodd*, for certain legatees.

*Walter H. Young*, special guardian.

Slater, S.    The special guardian has raised two objections to the probate of the will.    The first relates to its execution in that the will is subscribed in the attestation clause and in consequence is not signed at the end of the entire paper writing; and second, that all necessary parties are not properly before the court.

The signature of the testatrix was made as part of the attestation clause in this manner: " Subscribed by Ida E. Miller, the testatrix named in the foregoing will," etc. The will is entirely holographic. Following the attestation clause and the signatures of the witnesses, there is a writing in the nature of a codicil in part in these words: " *This is a codicil to my last will and testament dated May 2, 1920,*" and it bequeaths certain personal property. It is not a continuation of the will, but is commenced as a separate instrument. This codicil was already written by the testatrix, as was the will, when it was produced for execution. While the will was subscribed, the codicil was not subscribed by the testatrix, although the witnesses also signed their names at the end of the codicil. The testimony given by the witnesses shows that the signature of the testatrix was made in their presence. The will had been written by the decedent and in the presence of the three witnesses, the decedent subscribed her name and it happens to be on the line forming a part of the attestation clause. Such proof given by the witnesses overcomes the objection urged by the court in *Matter of Rudolph,* 180 App. Div. 486, which reversed the decision of a former surrogate of this court (97 Misc. Rep. 548). In the *Rudolph* case the Appellate Division said: " What the case needs in the matter of subscription is something from which the court can infer that when Rudolph wrote his name in the attestation clause, he wrote it with the intention to execute the will so far as subscription is concerned." *Matter of Noon,* 31 Misc. Rep. 420. The evidence in the instant case supplies the lack indicated in the *Rudolph* opinion.

But the special guardian further urges that the codicil was a part of the will and, consequently, the will was not signed at the end as required by law, applying the theory advanced in *Matter of Van Tuyl,* 99 Misc. Rep. 618. This question has arisen in other cases which had to do with printed blank form of wills which are purchased at stationery stores, and with cases where there was a testamentary disposition made in the *same* instrument after the signature of the decedent. *Matter of Gedney,* 17 Misc. Rep. 500; *Matter of Blair,* 84 Hun, 581.

A codicil is a supplement to a will. The term " will " includes codicils (Decedent Estate Law, § 2) but does not prevent it from being independently probative. *Matter of Francis,* 73 Misc. Rep. 148. As far as the court has been able to ascertain there are no decisions upon the facts that exist in the instant case. The facts are both novel and new. It might well be said that the decedent had considerable knowledge regarding the drafting of wills. She did not fall into the error of creating one testamentary instrument

with. her signature lodged between certain dispositions so that it could not well be said that she signed at the end of the will. The will was written upon several sheets of paper which sheets had been pasted together thereby making a single sheet a yard long.

It is my opinion that the decedent wrote two instruments, one a last will and testament, declared by her to be such, and another a codicil — a distinct and separate instrument. The codicil as written was commenced in this manner: " This is a codicil to my last will." If this portion of the long sheet of paper had been detached, no question could have arisen. Why should not a codicil be written in the space beneath a duly executed will? If the codicil had been subscribed and not the will, could it be well said that the will had been duly executed? I think not. I know of no law which holds that a person may not execute a last will and testament and also a codicil written upon the same sheet of paper, or a codicil which is fastened to a will, upon the same day, and even at the same time, attested by the same witnesses. The will and codicil of Rosa E. Spang were separate documents, and executed at the same time. 197 App. Div. 310. In the instant case the codicil was not subscribed by the decedent, and the will was subscribed by her. Upon the facts of this case I shall hold that the part thereof described as the last will and testament of the decedent was properly executed and is a testamentary instrument under the Statute of Wills; that the part designated as the codicil was distinct and separate and no part of the instrument described as the last will, and as such codicil was not subscribed by the decedent, it is, therefore, impotent and without force and effect.

All necessary parties are properly before the court.

Submit decree admitting the will.

Decreed accordingly.