In the Matter of the Probate of the Last Will and Testament of EUGENE R. JARVIS, Deceased.

Surrogate's Court, Erie County, March 16, 1925.

**Wills — execution — testator signed name on first page of will and then in presence of subscribing witnesses signed and acknowledged his name in attestation clause and requested witnesses to sign — instrument expresses intention of testator and should be admitted to probate.**

Testator's will should be admitted to probate, although after signing his name on the first page of the instrument he again affixed his signature on the second page in the attestation clause in the presence of two subscribing witnesses to whom he acknowledged his signature, published the will, and requested them to sign as subscribing witnesses, since the instrument expresses the intention of the testator and there is ample evidence of due execution.

PROCEEDING for probate of will.

*Lewis & Carroll,* for the proponent.

*Stein & Barber,* for the respondent.

HART, S.:

The testator, Eugene R. Jarvis, a member of the Buffalo fire department, procured a blank will, wrote in the spaces prefacing the instrument reciting its testamentary character, followed by two

paragraphs in his own handwriting containing legacies, and a third containing a residuary and forfeiture clause as to prospective contestants. He then signed {his name on the 1st page of the instrument. The 2d page of the printed blank, providing for the appointment of an executor, is also written in by the testator. The attestation clause follows and the signature of the testator appears again.

The proponent does not rely upon the signature appearing on the 1st page. (*Matter of Van Tuyl*, 99 Misc. 618.)

The subscribing witnesses are disinterested and, before signing their names, raised the question as to the necessity of testator signing in their presence. At this time he signed his name in the attestation clause. He acknowledged his signature, published the will and requested the witnesses to sign his will as witnesses. (*Matter of De Hart*, 67 Misc. 13.)

A superficial examination of the will would indicate that it was incomplete and unsigned, that probate should be denied. (*Matter of Keeffe*, 155 App. Div. 575; *Matter of Rudolph*, 180 id. 486.)

This case can easily be distinguished and should be considered on the broader equitable principles embodied in *Matter of Field* (204 N. Y. 448). There can be no possible doubt that the document expresses the intention of the testator, that he intended the instrument to be a will, that at the time of signing his name in the attestation clause in the presence of the witnesses it was intended by him to be his signature to his will and was so expressed and acknowledged before witnesses who signed their names at the end of the will.

Decree of probate may be entered.