> On the face of a paper offered for probate as a last will, after the subscription of the alleged testatrix, were words importing legacies to two persons. Following these words were the date and signatures of the subscribing witnesses. There was no attestation clause, and a blank space was left between the subscription and signatures of the witnesses. *Held* that, where it appears that the words bestowing legacies were written in by the residuary legatee after the execution of the will and when testatrix was not present, the will would be admitted to probate.

In the matter of the will of Sarah Gartland. Objections to probate overruled, and will admitted to probate.

Charles Fox, for proponent.
William H. Loughran, for contestant.
Edward R. Finch, special guardian.

BECKETT, S. Objections were filed by the only next of kin, a cousin, Susan Cosgrove, alleging that the paper was not executed pursuant to the requirements of the statute and that the decedent did not have testamentary capacity. There was no allegation by any person of the exercise of undue influence. Upon the face of the paper it might fairly appear that the same was fatally defective, because, after the subscription, "Sarah Gartland," appear the following words: "To Mary Cosgrove $200. To Dennis Phalen 100." Following these words and figures are the date and the signatures of the subscribing witnesses. There was no attestation clause, and a considerable blank space was left between the subscription and the signatures of the witnesses.

The contestant was amply justified in filing objections from the face of the paper. I have had occasion to examine the cases which the contestant now cites in connection with Matter of Will of Martha M. Diehl (Sur.) 112 N. Y. Supp. 717, which paper was rejected because it was not subscribed at the end. But in the present proceeding both of the subscribing witnesses and also Alexander V. Fraser, the proponent and residuary legatee (who testified without objection), all say that these additions in the nature of legacies below the subscription were not inserted at the time of the execution of the paper, and that the paper was then blank where they now appear; and Alexander V. Fraser also testifies that the paper was taken away by him, and some days thereafter he himself, of his own motion, and not in the presence of the testatrix, injected the words, "To Mary Cosgrove $200. To Dennis Phalen, 100"; that he did this either at his own residence or at his office, and after so adding the words he put the propounded paper in his safe, where it remained until after the decedent's death. He is not a lawyer. The decedent had been a servant in his family for many years, and he had looked after and cared for her. This testimony is in no way controverted. In this matter decedent did actually subscribe at the end of her will. The words so added should in no way invalidate the proper execution of the instrument. Otherwise, any words which might be written in by any person who was a stranger to the execution and who thereafter succeeded in obtaining possession of the paper would invalidate it. Certainly this is not the meaning of the statute. Matter of Jacobson, 6 Dem. Sur. 298. Therefore it seems that the cases cited by the contestant do not apply here, in view of the facts now brought out.

In other respects the testimony satisfies me that the propounded paper was properly executed, and that the decedent was of sound mind and competent to make a will, and I will therefore admit it to probate. Settle decree and decision on notice; costs to proponent and special guardian to be paid out of the funds of the estate.

Decreed accordingly.