(128 App. Div. 769.)

In re GIBSON'S WILL.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. WILLS (§ 82*)—VALIDITY—UNJUST DISPOSITION—PRESUMPTIONS.

A disposition of property by a testator of disposing mind is presumed to be just and equitable, and will be upheld, unless contrary to some statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 203; Dec. Dig. § 82.*]

2. WILLS (§ 107*)—REQUISITES—FORM—EFFECT OF MARGINAL INTERLINEATIONS.

Marginal interlineations or insertions in a will will not invalidate it, unless they are below the signature.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 245–248; Dec. Dig. § 107.*]

3. WILLS (§ 536*)—CONSTRUCTION—SURVIVORSHIP AND REPRESENTATION.

Where testatrix devised property to her children equally and their heirs, if any of them died during her lifetime without issue, the interest of such children would go to the surviving children and the issue of any of them dying during her lifetime, without any provision of the will to that effect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1161; Dec. Dig. § 536.*]

4. WILLS (§ 111*)—VALIDITY—EXECUTION—SUBSCRIPTION—LOCATION.

The rule that the placing of a part of a testamentary disposition below testator's signature will vitiate the will is based on the assumption that testator would not want the will to stand if a material part thereof was eliminated, so that, where the part below the subscription is unimportant or immaterial, that part only will be stricken out, leaving the rest unaffected.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 268; Dec. Dig. § 111.*]

5. WILLS (§ 111*) — EXECUTION — PLACE OF SUBSCRIPTION—STATUTORY PROVISIONS—PURPOSES OF STATUTE.

The statutes requiring testator to subscribe at the end of the will are intended to prevent fraud by unauthorized additions, and will be strictly construed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 268; Dec. Dig. § 111.*]

6. WILLS (§ 111*) — VALIDITY—EXECUTION — WRITING BELOW SUBSCRIPTION—IMMATERIAL PROVISIONS.

Where testatrix devised property, to her children equally and their heirs, but provided in a paragraph which was written down the margin of the will, a part of which extended below her signature, that, if any of them died during her lifetime without issue, the interest of such child should go to the surviving children and the issue of any of them dying during her lifetime, the latter paragraph being immaterial, since the law would make the same disposition without it, the fact that a part of the paragraph was written below the line of testatrix's signature did not invalidate the whole will, but only that paragraph.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 268; Dec. Dig. § 111.*]

Appeal from Surrogate's Court, Otsego County.

In the matter of proving the last will and testament of Martha Gibson, deceased. From a surrogate's decree denying probate, Joseph Gibson and another, executors and legatees, and certain other legatees, appealed. Reversed, and remanded for further proceedings.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The paper purporting to be the will of Martha Gibson, deceased, is in form as follows:

In the name of God, Amen:

I, Martha Gibson, widow, of the town of Davenport in the County of Delaware and State of New York, being of sound mind and memory, do make, publish and declare this my last Will and Testament, in manner following, that is to say:

First.—I direct that all my just debts and funeral expenses be paid.

Second.—To my grand daughter Mabel Gibson I give and bequeath the sum of Two Hundred Dollars ($200.00).

Third: To my grandson, Ira J. Hanford, I give and bequeath the sum of one hundred and fifty dollars ($150.00).

Fourth: To my grandson, Leonard Hanford, I give and bequeath the sum of one hundred and fifty dollars ($150.00).

Fifth: To my son Gaylord Gibson I give one bed, bedstead and the bedding for the same, being the same heretofore set apart for him.

Sixth: To my daughter Olive Gibson I give my household furniture, household goods and belongings.

Seventh: To my now living five children, viz: Joseph, Leonard, William J., Gaylord and Olive, I give, devise and bequeath all the rest of my property, both real and personal, equally, share and share alike and to their heirs and assigns forever.

Eighth: In case any one of my said children shall die in my lifetime, leaving issue living at my death then the legacy or bequest so made to the one so dying shall not lapse but shall go to such issue. But in case either of said children shall die in my lifetime without leaving issue then the bequest or devise so made to the one so dying shall go to my surviving children and the issue of said children who have died in my lifetime leaving issue, to be divided between such surviving children and such issue as entitled to share therein.

Lastly, I hereby appoint my sons Joseph Gibson and Leonard Gibson executors of this, my last Will and Testament: hereby revoking all former wills by me made.

In Witness Whereof, I have hereunto subscribed my name the 24 day of September, in the year of our Lord one thousand nine hundred four

Martha Gibson　(L S.)

We, whose names are hereto subscribed, Do Certify, that on the 24 day of September 1904 Martha Gibson the testator, subscribed her name to this instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be her last Will and Testament, and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the testator and of each other, on the said date, and write opposite our names our respective places of residence.

J. F. Thompson residing at Oneonta, N. Y.
Kate L. Thompson residing at Oneonta, N. Y.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Thompson & Decker (J. F. Thompson, of counsel), for executors and others.

Tilley Blakely, for Gaylord Gibson and another.

Edson A. Hayward, for respondent.

SMITH, P. J. Courts are not looking for pretexts to destroy wills. A disposition of property by a testator with a disposing mind is pre-

sumed to be just and equitable. Such disposition will be upheld by the courts unless it is in contravention of some statute. The statute of wills is a wise statute, and all instruments drawn as wills will be tested by its provisions, and condemned where they are obnoxious either to its letter or its spirit. In the will in question the eighth paragraph is concluded by a marginal insertion. There is neither a statute nor a decision of a court which holds invalid a will simply because an insertion has been put into the margin upon the same page. The statute of wills has never attempted to condemn or prevent interlineations and insertions in the will itself. It has only condemned those additions which are inserted after the signature and wills where such insertions have been attempted. If this marginal insertion, therefore, had all been above the line of the signature, it cannot be doubted that this paper would have been without the condemnation of the statute. Because part of a sentence—a single phrase of the marginal insertion —comes below the line of the signature, the attempted disposition of the property of the testatrix has been nullified. This, too, where the clause which appears below the line of the signature is a wholly immaterial clause. It adds nothing to the will, and in fact the entire eighth provision simply declares a distribution which the law itself would decree with the provision omitted. If this will, then, be subject to the condemnation of the statute, as not signed at the end thereof, it is not because that part below the line of the signature was or may have been inserted in fraud. It is not because any mischief was or may have been caused to prevent which the statute was enacted. In other words, the form of the proposed will is in no way obnoxious to the spirit of the statute, nor to its letter, except by a most technical construction. Such a technical construction of the statute, which results in thwarting a presumably just distribution of property, should not, in my judgment, be upheld by the courts.

The decisions of the courts in this and other jurisdictions, holding that a material portion of a will following the testator's subscription renders void even that portion of the will prior to such subscription, are based upon the principle that the testator presumably makes his will as a completed whole. It is, therefore, impossible to assume that he would wish only a part of it to stand, and the entire will is accordingly refused probate, as not complying with the statute. Sisters of Charity v. Kelly et al., 67 N. Y. 409, 416; Matter of Will of O'Neil, 91 N. Y. 516, 524; Glancy v. Glancy, 17 Ohio St. 134. It will be noted, however, that in each case where this doctrine has been applied the latter portion of the will covered an important or material provision, usually expressly so described by the courts, and I find no case holding that an unimportant or immaterial subsequent provision has any such effect. Obviously the principle mentioned will not, then, apply, for it rests on the assumption that a testator would not wish his will to stand with any material part stricken out. But if it be admitted that the part objected to, or to be stricken out, is actually immaterial, there is, then, no reason assignable why the testator, if living, could object to its exclusion.

The case of Baker v. Baker et al., 51 Ohio St. 217, 37 N. E. 125, was under a statute requiring subscription "at the end" of the will.

The testator appointed his sister-in-law as executrix, and then, after his signature, added the clause, "My sister-in-law is not required to give bond when probated." This clause, if valid, would have been, under the Ohio statutes, subject to the discretion of the court admitting the will to probate, which might have required a bond, or not, as might seem expedient, or might have required a bond at any time subsequently. See page 224 of 51 Ohio St., page 125 of 37 N. E. Although the Ohio rule is similar to the New York rule as regards material provisions below the signature (see Glancy v. Glancy, supra), and although it was in this case clearly recognized that dispositive parts of the will should be above the signature, the court held that other parts below the signature might be excluded from probate, and yet not invalidate the entire instrument. But the part written below must not be "of a dispositive nature, nor contain anything likely to affect the construction of the will or the rights of the beneficiaries (pages 222, 223 of 51 Ohio St., page 127 of 37 N. E.)." The clause in question was accordingly rejected as unessential, and the balance of the will admitted to probate. To the same effect is the dictum of the court in the late case of Irwin v. Jacques, 71 Ohio St. 395, 73 N. E. 683, 69 L. R. A. 422, where an important or dispositive provision was carried along a margin and below the signature. In holding the will not signed "at the end thereof," the court said:

"If the language so written has no legal signification, and has no effect on the other provisions of the will, it might be treated as mere unimportant surplusage, as in Baker v. Baker et al."

In the recent case of Ward et al. v. Putnam et al., 119 Ky. 889, 85 S. W. 179, under similar statutes, it was held that a subsequent clause appointing an executor did not invalidate a prior and dispositive part of the will, as the addition did not in any wise "affect the disposition of the estate contemplated by the testator." The court said:

"Where the signature is placed at the close of the substantial provisions of the document, and the writing as signed is sufficient to effectuate the intention of the party signing it, the statute is substantially complied with, although there may be words following the signature which are unessential to the validity of the instrument."

It will be seen that the opinion in this case is based on the general principle that nonsubstantial or unessential portions of a will may be excluded, although it declines to follow the decisions of this and some other states which hold in effect that a clause appointing an executor is a substantial part of a will. The rule as laid down by Page on Wills (1901), at page 206, is as follows:

"If the clause added below the signature neither affects the disposition of the estate nor appoints executor or guardian, the authorities are unanimous that such clause does not invalidate the will, and that within the meaning of the statute the signature is at the end of the will."

The statutes requiring the testator to subscribe "at the end" of the will are obviously intended to prevent fraud in the way of unauthorized additions, and so are to be "strictly construed." Matter of Andrews, 162 N. Y. 1, 11, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294. See, also, Matter of Will of O'Neil, supra; Younger v.

Duffie, 94 N. Y. 535, 539, 46 Am. Rep. 156; Glancy v. Glancy, supra. But in the case of unimportant and nondispositive matter following the signature I think, to use the language of Judge Earl in Younger v. Duffie, that "the case is not within the mischief intended to be guarded by the statute." No wrong can possibly arise from the addition of admittedly unimportant provisions after the signature, and I accordingly see no reason why such a provision, as in the will at bar, may not be stricken out and the portion of the will above the signature—the only material and essential part of the instrument—admitted to probate.

Decree appealed from reversed, without costs, and matter remitted to surrogate, to proceed in accordance with this opinion.

Decree reversed, without costs, and matter remitted to surrogate, to proceed in accordance with opinion. All concur; KELLOGG, J., in memorandum.

JOHN M. KELLOGG, J. (concurring). I concur in the result. The words in the margin are written across the left-hand margin from left to right opposite the clause in the will appointing the executor and the testamentary clause, and are found in 19 lines of from one to four words each. Eleven lines are found below the name of the testator, and the last line is on the same line, substantially, where the name of the last subscribing witness is found, and three inches below the name of the testator.

If these marginal words contained any disposing provision or any matter which affected the disposition or management of the testator's estate, we might well say that the testator had not signed the will at the end thereof; but the effect of the will is the same in every respect, whether these words are treated as a part of the will or not. If contained in the will, they would have no more effect upon it than a discussion of the weather conditions. They are not, therefore, any part of the will, and should not be treated as a part of it, when the only effect of such treatment is to vitiate a will otherwise valid.

I think, therefore, that these marginal words should be disregarded, and that the will is executed in accordance with the statutory provisions.