### In re ROWE'S WILL.

(Surrogate's Court, New York County.   June 14, 1916.)

1. WILLS ⬯96—REQUISITES AND VALIDITY—DEFECTS OF FORM.

A will should not be refused admission to probate for defects of form, in the absence of a showing of fraud or misconduct, unless it expressly contravenes the statute of wills.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 228–231; Dec. Dig. ⬯96.]

2. WILLS ⬯111(2)—REQUISITES AND VALIDITY—PLACE OF SIGNATURE—"END OF WILL."

Under the statute of wills, requiring the signature to be at the end of the will, a will, part of which is written on the back of the first page, following the signature, which is at the bottom of the first page, *held* entitled to probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 268, 269; Dec. Dig. ⬯111(2).

For other definitions, see Words and Phrases, First and Second Series, End.]

Application to probate the last will and testament of Harry J. Rowe.   Decree for probate.

Arthur Lovell, of New York City, for proponent.

Warren C. Fielding, of New York City, special guardian.

FOWLER, S.   This proceeding for probate is resisted pro forma by the special guardian, alleging that the paper propounded is not signed at the end thereof, as required by the existing statute of wills. That the testamentary script is otherwise executed in conformity with the statute of wills is conceded. So we have animus testandi postulated. In other words, this testator intended to make his will and to die testate. This being so, is it possible to carry out his intention? The case is a very close one, perhaps doubtful. If the last part of the fifth clause, and all of the sixth clause, which are contained on the back of the first sheet and physically follow the certificate of a testation and the signature of the testator and the attesting witnesses, are entitled to be incorporated in the will, then it is signed at the end thereof. In other words, if the matter on the back of the first sheet propounded is entitled to be incorporated, it

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is because the paper is logically to be taken as subscribed by the testator at the end thereof.

[1, 2] It is apparent that the testamentary script is not subscribed at the physical end, but, if at all, it is subscribed at the logical, or, as it is sometimes called, the "intellectual, end." At the end of the fifth clause of the will appears the word "over," and then follows, in perfect grammatical order, the conclusion of the fifth bequest and the whole of the sixth bequest. While this practice of incorporating matter by reference in the body of a will is not to be commended, as there is no charge of fraud or misconduct in this proceeding, and no suggestion that the script has been tampered with after execution, the will offered for probate ought not, I think, to be rejected by a surrogate, if it does not expressly contravene the statute of wills. The presumption in this case should be for the will. It seems to me that in this instance my decision in Matter of Peiser, 79 Misc. Rep. 668, 140 N. Y. Supp. 844, should be followed, and that I should hold that the paper offered is subscribed at the end thereof, within the true meaning of the statute of wills.

The decree, therefore, will be for probate. Incorporate the whole text of the paper propounded in natural consecutive order in the decree to be presented, there having been a dispute about the text. Proceed accordingly.