Matter of the Estate of CHARLES SIDENBERG, Deceased.

(Surrogate's Court, New York County, March, 1921.)

Wills — construction of holographic codicil — probate — Statute of Wills — witnesses — verification.

A will having been admitted to probate and two holographic codicils thereto denied probate for non-compliance with the Statute of Wills, a third holographic codicil written upon both sides of a one-sheet letter head was offered for probate. On the front page of said codicil the testator commencing "Add to my will " made testamentary dispositions of property, and at the bottom of the page wrote " N. Y. July 13, 1917." On the back of the said paper and addressed " To the Surrogate of the City of N. Y. and my trustee" he expressed his desire, as stated on the other side of the paper, signed his name, and dated the paper February 13, 1919. To the left of his signature were those of two witnesses and below, a verification before a notary public on March 14, 1919. *Held,* that " N. Y.

July 13, 1917 " and certain words on the back of the paper, as well as the verification, should be stricken out, and February 13, 1919, taken as the date of execution, and as so construed the codicil will be admitted to probate.

PROCEEDING upon the probate of a will.

Walter M. Weis, for proponents.

Emmet, Marvin & Roosevelt (Joseph K. Savage, of counsel), for contestants.

M. S. & I. S. Isaacs, for executors.

Edward W. Stitt, Jr., special guardian.

COHALAN, S. This case illustrates sharply the dangers of will making by laymen. A will drawn under proper legal supervision having been admitted to probate three holographic scripts are offered for probate as codicils thereto. Proof as to two of them fails utterly to satisfy the requisites of law. Probate of the papers dated February 7, 1915, and September 20, 1915, is therefore denied.

The third paper is a one-sheet letterhead. On the front thereof appears the following in the handwriting of the testator: First, the words "Add to my will as beneficiaries, Two Hundred and Fifty Dollars each" below a column of names, the last four in smaller characters than the first eight. In the right hand margin, written along the length of the page, the following: " Each of my Grand Children One Thousand Dollars at the Age of 21. All Bequests shall be free of Tax." Finally at the bottom, a date, " N. Y., July 13, 1917." On the back, in the decedent's handwriting, appears the following: " To the Surrogate of

Surrogate's Court, New York County, March, 1921.    [Vol. 115.

the City of N. Y. and my trustee, I want the names on
the other side to receive the amounts stated just the
same as if it were embodied in my will. I will embody
it in my will as soon as it is rewritten." Then appears
the signature of the decedent, " Charles Sidenberg "
and a date beneath the signature, " Feb. 13, 1919."
To the left side are the signatures of two witnesses.
To the right of these signatures, and below the signa-
ture of the decedent, are the words: " It will be
observed I have given to those I thought needed it
most." Then follows a ' verification before M. A.
Fowler, a Notary Public, on March 14, 1919.

The contestant has stressed the difference in dates
on front and back of the paper, and argued that each
side is a separate instrument, and that the doctrine
of incorporation by reference is involved. I am not
in accord with such view. The script probably was
not written at the same time, but that is not fatal to
it being considered as one instrument. The testator,
I am confident, looked upon it as a single documert.
It is the common sense view and the view I adopt.
True, the witnesses at the time of execution saw only
the back, and are unable to state whether or not the
writing on the front was there, but there is nothing
unnatural in this. There is also some haziness and an
extraordinary lack of memory on the part of the sub-
scribing witnesses as to the mechanics of the making,
but despite this it is my opinion that the only ques-
tion for solution is whether or not the document is
signed at the end.

The enlightening opinion of the Court of Appeals in
*Matter of Field*, 204 N. Y. 448, is broad enough in my
judgment to sweep away any doubt that this script is
signed at the literary, natural, logical, speaking and
constructive end thereof. Starting to read on the
front — and what is more natural than for a layman

to start a codicil with the words "Add to my will"—and continuing on the back, we have a "natural and consecutive method of reading." There need be no turning back; the sense is connected and continuous.

There being no testimony but that the document was, when executed, in the condition it now is, it is presumed that if any alterations or additions thereto were made they antedated execution. *Matter of Conway,* 124 N. Y. 455, 466. And this view is strengthened by the fact that we are considering a holograph. *Matter of Wood,* 144 App. Div. 259.

The words on the front page, " N. Y., July 13, 1917," and the words on the back page, " It will be observed I have given to those I thought needed it most," as well as the verification before the notary, are to be stricken out as immaterial. *Matter of Gibson,* 128 App. Div. 769. The date of execution is to be taken as February 13, 1919. As thus construed I admit to probate the paper propounded. I am thus carrying out the undoubted wishes of the testator, a point of paramount importance, and one to which form, however devoutly to be wished for, must, whenever it is reasonably proper, yield.

Decreed accordingly.