In the Matter of the Probate of the Last Will and Testament of JOHN BARRY, Deceased.

Surrogate's Court, New York County, July, 1922.

**Wills — contested probate — execution — practice of notaries condemned — contention that witness signed before testator — probate decreed.**

The pernicious practice of notaries public, who, in ignorance of the law, draft wills and carelessly supervise the execution thereof, cannot be too severely condemned.

Upon the contested probate of a will drawn by a notary public who maintained a soda water stand and who at the request of the testator acted as one of the subscribing witnesses, it appeared that at the suggestion of the notary the corner bootblack was called in as the second witness. He was requested by the notary in the presence of the testator to sign as a witness to the will and upon the then execution thereof the notary added a clause of acknowledgment of the subscription of the testator. *Held,* that there having been as part of one transaction a compliance with all the statutory requisites, probate will be decreed as against the contention that the will was invalid because the bootblack who, though he identified his signature to the attestation clause and admitted that some of the will was read in the presence of himself, the notary and the testator, testified that he signed before the signature of the testator was made.

PROCEEDING to probate a will.

*William E. Slevin,* for proponent.

*Frank A. Carlin,* for contestants.

*Peter B. Begg,* special guardian.

FOLEY, S. This is a contested probate proceeding. The only point in issue has to do with the due execution of the paper pro-

pounded. The estate is a small one. It consists entirely of bank deposits aggregating $1,425. The provisions of the will were prepared with deliberation by the testator. The will is not an unnatural one.

The difficulties which arise here are occasioned solely by the pernicious practice of notaries public, who, in ignorance of the law, draft wills and carelessly supervise the execution thereof. This practice cannot be too severely condemned. A somewhat similar situation was presented in *Matter of Sidenberg*, 115 Misc. Rep. 38, decided by my colleague Surrogate Cohalan. These services are performed generally on behalf of poor testators. In many cases the will fails of probate entirely. In other cases the resultant proceedings are a great burden on those who ultimately share in the estate, the bitterness of family disagreements is accentuated by the contest, and the estate is depleted in the vain attempt of disappointed next of kin to defeat the wishes of a competent testator. In most cases, as here, this attempt rests on some informality arising upon the execution of the will.

Briefly, the facts are as follows: The decedent on November 18, 1921, asked Barrach, the notary, to prepare his will. He died five months later. In the course of the preparation and execution thereof the testator called to see Barrach on four occasions. On November 21, 1921, the decedent called at the soda water stand maintained by the notary in order to execute the propounded paper. The testator requested the notary to act as one witness, and at the suggestion of Barrach the corner bootblack was brought in as the second witness. He was requested by the notary in the presence of the testator to sign as a witness to the will. The will was then executed. The notary then added a clause of acknowledgment of the subscription by the testator. The contestant contends that the will is invalid because of the bootblack's testimony that he signed before the signature of the testator was made. All the statutory requisites, however, were complied with as a part of the one transaction. In my opinion the execution was valid. *Matter of Baldwin*, 67 Misc. Rep. 329; affd., 142 App. Div. 904; and the comprehensive opinion of Surrogate Schulz in *Matter of Haber*, 118 Misc. Rep. 179. While the testimony of Cappiello, the bootblack, is at variance with that of the notary in many particulars, I have disregarded much of it. It is palpably false and obviously in the interest of the contestants. He identified his signature to the attestation clause and admitted that some of the will was read in the presence of himself, the notary and the testator. There is sufficient in the testimony, with the presence of an attestation clause signed by both of the witnesses, to establish

a valid execution of the will. *Coffin* v. *Coffin*, 23 N. Y. 9; *Matter of Bernsee*, 141 id. 389; *Peck* v. *Cary*, 27 id. 9; *Matter of Haber*, 118 Misc. Rep. 179; *Matter of Kellum*, 52 N. Y. 517; *Rugg* v. *Rugg*, 83 id. 592.

The contestants rely principally on the case of *Jackson* v. *Jackson*, 39 N. Y. 153, to support their contention. In that case the will was held invalid because both of the witnesses signed before the subscription of the testator, but the order in which the witnesses and the testator signed was not in doubt. That case is not applicable here because, from all the circumstances and the proofs, I find that the statutory requirements were complied with.

Submit decree.

Decreed accordingly.