In the Matter of the Petition of FLORENCE HEALEY, Respondent, to Prove the Last Will and Testament of CATHERINE SERVEIRA, Deceased.

MICHAEL McGINTY and Others, Appellants.

Second Department, June 8, 1923.

Wills — execution — printed blank form was used — dispositive clause was written on first page — testatrix subscribed at end of first page — witnesses signed under testimonium clause on third page — name of executor was then filled in on third page and blanks in testimonium clause and in attestation clause were filled in — witnesses signed again below attestation clause — provisions following signature of testatrix were not material — will was legally executed.

The will of a testatrix was legally executed and entitled to probate where it appears that a blank form of will was used; that a clause disposing of the testatrix's entire estate was written in on the first page; that the testatrix subscribed the will at the end of the first page; that the witnesses signed after the testimonium clause on the third page; that after they signed the will the name of the executor was filled in on the third page and the blank date in the testimonium clause and the blanks in the attestation clause were filled in and then the witnesses again signed their names after the attestation clause.

The clause for the appointment of an executor, filled in after the due execution of the will, together with the clause of revocation of all former wills and the testimonium clause which were on the third page of the blank form were not material provisions of the will and were not required by law to be a part of the will, and, therefore, it was proper to treat the paper presented as though those clauses were not printed therein in blank.

APPEAL by Michael McGinty and others, contestants, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 9th day of December, 1922, upon the verdict of a jury rendered by direction of the surrogate, admitting to probate an alleged will of Catherine Serveira, deceased, and also from an order entered in said office on the same day denying appellants' motion for a new trial.

*William Murray* [*Joseph A. Kennedy* with him on the brief], for the appellant.

*Paul Bonynge,* for the respondent.

KAPPER, J.:

On a trial before the surrogate of Kings county and a jury, the alleged last will and testament of Catherine Serveira, deceased, was probated after a verdict directed by the surrogate. The contestants claim that the deceased had not duly executed the will in that her signature did not appear at the end of the will, nor did the signature of the witnesses so appear.

On the morning of February 1, 1922, the decedent, who was ill and in bed, requested her neighbor, Mr. Richard R. Zehmisch, to draw her will. A printed blank was utilized. It consisted of one sheet of paper so folded in the middle of its greater length as to make four pages. The 1st page had the printed matter usual and common to blank forms of wills. The 2d page, found on turning up the 1st page, was wholly blank; and as thus turned up, more printed matter was found on what may be called the 3d page. Mr. Zehmisch, on direction of the decedent, wrote on the 1st page of the printed blank the dispositive clause whereby there was given to her niece, Florence Healey, all her property. Immediately underneath this dispositive clause, so written in on the 1st page, the decedent, with physical assistance, signed her name. The witnesses did not then sign, and the respondent agrees that " if this be viewed as an attempt to make a will it was clearly abortive for that reason at least." Mr. Zehmisch, in some doubt as to whether what he had done was lawful, left the decedent and returned with a Mr. Kalisch, a notary public. Mr. Kalisch looked over the draft prepared by Mr. Zehmisch and already signed by the decedent on the 1st page, as stated, and, detecting what he deemed to be an omission, filled in the address of Florence Healey, the sole legatee and devisee, following her name in the said dispositive clause. The will was then read to the decedent, who expressed her approval thereof and again affixed her signature thereto. Both of her signatures were written on the 1st page. Then the notary, underneath her signatures, attached a jurat, with his name and notarial seal.

Following this notarial signing we have in this instrument the 2d page blank, as before stated, and, beginning on the 3d page, we find the usual printed clause for the naming of an executor, together with the language usually found in print, viz., "hereby revoking all former Wills by me made." That is followed by the testimonium clause, and then follow the names of four witnesses to the second signing of the will by the decedent, and such was the testimony. Following the names of these four witnesses appears the usual printed blank attestation clause, and again appear the names of these witnesses together with their addresses, and again the notary attached his name, office and seal as having been "witnessed by" him. While the witnesses were signing under the testimonium clause, the notary observed the printed matter above, on the 3d page, and as soon as the witnesses had completed their first signing, he filled in the name of Florence Healey, the legatee and devisee, as executor, and also filled in the date in the testimonium clause, as well as the blanks in the attestation clause. The notary then read the will, as thus revised, to the decedent, who is said to have assented thereto but did not sign it anew. After such alleged assent the witnesses then again signed, this time below the attestation clause, as before stated.

It is conceded by the respondent that the learned surrogate correctly held this last testamentary attempt a failure, because there was no signing at the end by the testatrix. As to the second signing he held "that there was a valid execution of that part of the paper which appears on the first sheet and the first set of witnesses' signatures," and, therefore, granted the proponent's motion to direct a verdict admitting the will to probate. He thereupon made the decree appealed from, at the end of which there was ordered probated as the last will and testament so much of the paper as appeared on the 1st page, and only so much of the 3d page as set forth the names of the four witnesses as first signed by them. Therefore, that portion of the instrument appearing at the top of the 3d page, whereby Florence Healey was appointed executrix, including the printed revocation of former wills, and the testimonium clause, was disregarded as though never having been incorporated.

The statute, section 21 of the Decedent Estate Law, prescribes that "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will. * * * 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

We can disregard, as the learned surrogate did, the attestation clause, as the same is not a part of the will and is not required as a part of its due execution by any law. (*Jackson* v. *Jackson*, 39 N. Y. 153, 159; *Younger* v. *Duffie*, 94 id. 535, 539.) And so, too, may we view the testimonium clause as in nowise material or necessary.

The question of law then presented is, whether the printed matter found on the 3d page of the will, consisting of the blank for the appointment of an executor and the phrase revoking former wills, is something that must be considered as a part of the instrument and, therefore, requiring the signature of the testatrix to follow such printed matter in order to meet the statutory command of a subscription at the end of the will.

While it has been declared that by the words of the statute " at the end of the will," the actual physical termination is intended and not the place which the testator intended to be the end of the will (*Matter of O' Neil*, 91 N. Y. 516), this view is dependent upon whether what follows the signatures constitutes material provisions. (*Matter of O' Neil*, ·supra; *Matter of Gibson*, 128 App. Div. 769; *Matter of Andrews*, 162 N. Y. 1; *Sisters of Charity* v. *Kelly*, 67 id. 409.) In fact, it seems to be the accepted rule that to deny that the subscription of a will is at the end thereof, material provisions must be found following the signature.

It is to be remembered that the act of writing the name of an executor in the printed blank was after *due execution of the will on the second attempt*, as held by the learned surrogate, and as borne out by the proof. This, therefore, was obviously not the act of the testatrix, and so the paper must be considered in the condition in which it was at the time of such due execution, and that shows that only the printed blank for the appointment of an executor together with the clause of revocation of all former wills and the testimonium clause, followed the signature of the testatrix. All of this, in my opinion, can and should be disregarded. The words of revocation of all previously executed wills when considered in connection with the disposition of the testatrix's entire estate to Florence Healey are manifestly immaterial. "A will which makes a full disposition of all the testator's property is inconsistent with the existence of any prior will, and therefore amounts to a revocation of all wills previously executed." (*Ludlum* v. *Otis*, 15 Hun, 410, 413.)

The blank for the appointment of an executor not having been filled in at the time of the due execution must be deemed to be no part of the will, but only as a proposed appointment which the

**44**

testatrix did not care to make, and is, therefore, equally immaterial. Undoubtedly, had the name of an executor been written in before execution, a different question would have been presented, for that would have been a substantial part of the will, and a subscription preceding it would not have been a signing at the end of the will. (*Matter of Gibson, supra; Matter of Jacobson,* 6 Dem. 298; *Matter of Van Tuyl,* 99 Misc. Rep. 618.)

In *Matter of Gibson (supra)* there was on the 1st page of the will a marginal interlineation which extended below the space that would have been opposite a line drawn from the signature of the testatrix to the left-hand side of the page. So much of the marginal matter as extended below this imaginary line made a disposition of property in the same manner in which it would be distributed by law. The court held the clause to be immaterial; that the same could be ignored and the portion above the signature admitted to probate. After quoting from *Ward* v. *Putnam* (119 Ky. 889), the learned Appellate Division (p. 773) say: " It will be seen that the opinion in this [that] case is based on the general principle that non-substantial or unessential portions of a will may be excluded, although it declines to follow the decisions of this and some other States which hold in effect that a clause appointing an executor *is a substantial part of a will.* The rule as laid down by Page on Wills (1901) at page 206, is as follows: ' If the clause added below the signature neither affects the disposition of the estate nor appoints executor or guardian, the authorities are unanimous that such clause does not invalidate the will, and that within the meaning of the statute the signature is at the end of the will.' " In a concurring opinion in the *Gibson* case (p. 774) this language was used: " If these marginal words contained any disposing provisions or any matter which affected the disposition or management of the testatrix's estate, we might well say that the testatrix had not signed the will at the end thereof, but the effect of the will is the same in every respect whether these words are treated as a part of the will or not. If contained in the will they would have no more effect upon it than a discussion of the weather conditions. They are not, therefore, any part of the will and should not be treated as a part of it when the only effect of such treatment is to vitiate a will otherwise valid. I think, therefore, that these marginal words should be disregarded and that the will is executed in accordance with the statutory provisions."

In *Matter of Jacobson (supra),* Surrogate Rollins, after expressing the opinion that a clause appointing an executor was a substantial portion of a will, was confronted with a situation where such clause appeared *beneath* the subscription of the testator; and the question

whether the will was invalid or such clause surplusage was held to be dependent upon when the clause was inserted. He said (p. 299): " There is no appointment of an executor in the body of the instrument, and if in fact the words above quoted were inserted before execution, they must be considered as a part of a pretended testamentary paper, which is invalid for the reason insisted upon by the contestant's counsel. If, on the other hand, the words in question were not upon the paper at the time it was signed and published, its validity has not been destroyed by their subsequent insertion."

I am of the opinion that the learned surrogate was right in admitting this will to probate in the manner and form decreed, and that there was due execution of everything dispositive possessed by the testatrix.

I advise that the decree of the Surrogate's Court of Kings county be affirmed, with costs to the respondent payable out of the estate.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Decree of the Surrogate's Court of Kings county affirmed, with costs to the respondent payable out of the estate.