### In the Matter of the Estate of NONA GOLDEN, Deceased.

Surrogate's Court, Queens County, November 19, 1937.

*Charles L. Crowley*, for the petitioners.

*Groh & McCourt*, for the contestants.

*Alexander Del Giorno*, special guardian.

HETHERINGTON, S. The paper writing here presented for probate is a so-called will form whereon the blanks are filled in by testator in her own handwriting and apparently without competent advice. She wrote on the first page as far as it gave her room so to do without trespassing on the printed words providing for the appointment of an executor, then manifestly because there was not space enough to finish at the top of the second page, she continued on

the third, and, finishing her dispositive paragraphs, returned to the second page, filled in the testimonium clause with the date, and duly signed and published it as her will in the presence of two witnesses, who signed as such.  It is urged that the paper cannot be accepted as a will because it does not conform to the statute in that it is not signed at the end.  This brings up again the question, " What is the end of a written document? "  No little discussion pro and con has been had thereabout, and it seems that, in a maze of argument and attempt to construe the meaning of the words " at the end," the real object of section 21 of the Decedent Estate Law has been lost sight of recently.  A will is not a sheet of paper nor a number of sheets or pages; it is the words written thereon.  The law affords the right of testamentary disposition; such disposition is to be gathered from language; hence the end of the language, not the paper on which it is written, is the only appropriate interpretation to be given the wording of the statute. It has been said, and rightly, that no will has a brother; hence no difficulty arises from such an interpretation, for each will must and can be considered as sole and distinct from every other; and where, as in the case at bar, the writing is in the hand of the testator and its words follow on in natural sequence, though the sentence be broken on one page and continued on any subsequent one, to complete the paragraph, then logically finished on and by use of an intervening space, it cannot be held otherwise than that the testator ended the will with the paragraph immediately above her signature. No quarrel is had with the contention that the statute was enacted to prevent fraud by way of insertion or addition, or otherwise, and where additional matter, complete in itself, be found below the signature, it may well be that a different conclusion as to the validity of the will should be arrived at; but, as Judge VANN aptly wrote in *Matter of Field* (204 N. Y. 448, 455): " The evil of fraudulent changes in wills is rare, while the evil of defeating wills altogether in the manner suggested is common.  Hence, we think we have gone far enough in the direction of rigid construction and that the doctrine of certain authorities should not be extended, lest in the effort to prevent wrong we do more harm than good." In the will before the court no additions or interlineations are found; it is easily readable by following handwriting and language, *i. e.,* " to my " (foot of first page) " beloved sister," etc. (top of third page), and when so read makes sense.  When attempted to be read otherwise, *i. e.,* " to my " (foot of first page) " In witness whereof," etc. (top of second page), it makes nonsense.  Testator wrote the will herself; where she finished her dispositive wishes is the end of this will; there it is signed and witnessed; let it be admitted to probate.  Submit decree on notice.