John D. Bennett, S.
In this probate proceeding the propounded instrument consists of a one-page printed form the use of which as a will was so aptly described by a well-known authority on Surrogates’ practice as “Invitation to Disaster” (2 Jessup-Redfield, Surrogate’s Law and Practice, p. 30). In a large blank area, beginning in about the middle of the page, appear the signatures of the witnesses. Below their names there is printing which provides for the naming of an executor, which is filled in. Following this there appears the signature of the testator.
The question presented is whether the subscribing witnesses have complied with subdivision 4 of section 21 of the Decedent Estate Law requiring that their signatures be affixed “ at the end of the will ’ ’.
In Matter of Winters (302 N. Y. 666), the Court of Appeals affirmed without opinion a determination of the Appellate Division, First Department (277 App. Div. 24), that a will is invalid and lacks sufficient compliance with the statutory provision for subscription at the end where the testator’s signature is followed by a clause appointing an executor. The court there enumerated cases, extending as far back as 1853, as authority for the proposition and cited Matter of Case (4 Dem. 124) to the effect that the same rule has been applied where the appointment of an executor follows the signature of the subscribing witnesses. The case of McGuire v. Kerr (2 Bradf. 244) holds that the ‘ ‘ end ’ ’ where the testator is required to sign is synonymous with the “ end ” where the subscribing witnesses must sign.
In language succinct and equally as impressive, the Court of Appeals, in Matter of Hewitt (91 N. Y. 261, 263), said: “ The statute * * * prescribes the formalities which shall attend the execution of a will, one of which is that it shall be subscribed by the testator at the end of the will; and another is that the *814 attesting witnesses shall sign their names at the end of the will. However unimportant these formalities may be in any particular case, they must be substantially observed in order to make a valid will. None of them can be dispensed with. * * *
Wherever the will ends there the signatures must be found.” Probate is accordingly denied to the propounded instrument.