S.
The objectant in the case at bar has moved by order to show cause for an order denying probate to the purported last will and testament of the decedent on the ground that it is improperly executed on its face in contravention of subdivision 4 of section 21, of the Decedent Estate Law. The due execution of his will by the testator and the witnesses “ at the end” thereof is a question which must ibe decided by the court as a matter of law (Matter of Hewitt, 91 N. Y. 261; Matter of Field, 204 N. Y. 448; Matter of Winters, 277 App. Div. 24, affd. 302 N. Y. 666; Decedent Estate Law, § 21, subd. 4) but this determination as a practical matter cannot be made on other than the factual evidence presented to the eye.
The instrument sought to be propounded consists of two lined yellow sheets handwritten by the testator on both sides and allegedly witnessed on September 1, 1960. On each page of the purported will the names of the witnesses are written in the left-hand margin in a position which is vertical to the writing of the testator. On the last page of the alleged will the testator’s *719 signature appears immediately after the last dispositive provision thereof and the names and addresses of the witnesses again appear in the left-hand margin. The addresses of the witnesses extend in a vertical line below the horizontal line of the testator’s signature below which there is a blank space. Many cases have been cited by the movant in which the court denied probate to wills because the signatures of the testator and the witnesses did not appear at the end thereof, but in a great majority of the cases cited, the finding was made because dispositive paragraphs of the will appeared after the name of the testator and the witnesses or a clause appointing an executor appeared after such signatures. No such fact is present in the case at bar.
The purpose of the statutory requirement that the testator and the attesting witnesses sign “ at the end of the will ” is to prevent fraudulent additions to a will after the execution (Younger v. Duffie, 94 N. Y. 535; Matter of Gibson, 128 App. Div. 769, appeal dismissed 195 N. Y. 466). Where there is obviously no chance that a fraud has been perpetrated it has been the tendency of the courts to have a less rigid approach (Matter of Field, 204 N. Y. 448). Particularly appropriate is the language found in the Field case (p. 457): “ The natural end of a will is where the draftsman stopped writing in the consecutive order of composition * * *. The will before us when read consecutively as the mass of mankind would read it, has the signature at the physical and natural end thereof. * * * We base our decision largely on the natural and consecutive method of reading, without turning backward, or skipping a part and then looking forward only to turn backward again, in order to have the sense connected and continuous. Form should not be raised above substance in order to destroy a will and the substantial thing in this case is a paper which reads straightforward and without interruption from the beginning to the end and when thus read the signature is found at the end.” (Emphasis added.)
It is the opinion of this court that this will was properly executed and signed at the end thereof by both the testator and the witnesses in full compliance with the provisions of section 21 of the Decedent Estate Law. The signature of the testator appears immediately after a consecutive reading of the will and by turning the will sideways the signatures of the witnesses become legible. There is no need for the subscriptions of the testator and the witnesses to be contiguous (Matter of Gilman, 38 Barb. 364; Matter of Gartland, 60 Misc. 31, affd. 135 App. Div. 915; Matter of Serveira, 205 App. Div. 686). The motion to deny *720 probate to the purported last will and testament of decedent on the ground that it is improperly executed on its face in contravention of subdivision 4 of section 21 of the Decedent Estate Law is, therefore, denied.