John D. Bennett, S.
In this contested probate proceeding the court upon motion has decided to determine preliminarily the question of whether one of the witnesses signed “ at the end ’ ’ of the propounded instrument in accordance with subdivision 4 of section 21 of the Decedent Estate Law.
The instrument offered for probate is a stationer’s law blank will form, with spaces provided for dispositive provisions which, for the most part, are filled with typewritten matter. The propounded instrument consists of two pages with three typewritten paragraphs appearing in the body of the first page. At the end of the first page the blank space provided for the appointment of an executor is filled in and immediately thereafter the signature “ James Bourne ” appears.
The second page is blank at the top for about four inches, whereupon there appears the concluding sentence, “ in witness whereof, I have hereunto subscribed my name, and affixed my seal, the 10th day of September in the year one thousand nine hundred and fifty-six (1956) ”. Below this, at the right, is a signature purporting to be the decedent’s and at the left below the word “ Witnesses ” appears one signature, “ Pearl Gr. Murray
*310 A will is not subscribed at the end when any material clause follows the signature of the testator or witnesses (Matter of Blair, 84 Hun 581, affd. 152 N. Y. 645; Matter of Levanti, 141 Misc. 248). While the appointment of an executor is a material provision (Matter of Winters, 302 N. Y. 666; Matter of Stone, 31 Misc 2d 813), here the signature of the first alleged witness, James Bourne, follows the appointment of the executor, which appointment is the last material provision of the instrument.
The appearance of the signature of a witness prior to that of the decedent is of no consequence (Matter of Haber, 118 Misc. 179). The court in the Haber case said, at page 182: “ I do not consider the fact that the signatures of the alleged witnesses appear upon the document before the attestation clause, whereas the testator’s signature appears after it, fatal to its probate. All of the signatures are after the end of the will, the attestation clause not being of a dispositive character.”
Furthermore, the natural end of the will rather than its physical end is controlling (Matter of Golden, 165 Misc. 205, 206, affd. 253 App. Div. 919). In the Golden case, the Surrogate stated: “ A will is not a sheet of paper nor a number of sheets or pages; it is the words written thereon. The law affords the right of testamentary disposition; such disposition is to be gathered from language; hence the end of the language, not the paper on which it is written, is the only appropriate interpretation to be given the wording of the statute.”
While section 21 was designed to prevent fraud, its beneficial purpose should not be subverted by an overly strict interpretation of its provisions. As the Court of Appeals said in Matter of Field (204 N. Y. 448, 455) in interpreting the phrase “ at the end”: “ The evil of fraudulent changes in wills is rare, while the evil of defeating wills altogether in the manner suggested is common. Hence, we think we have gone far enough in the direction of rigid construction and that the doctrine of certain authorities should not be extended, lest in the effort to prevent wrong we do more harm than good.”
The motion, insofar as it seeks to deny probate to the propounded instrument as a matter of law based on the alleged failure of one of the witnesses to sign at the end thereof, is denied at this time.
Although the alleged subscribing witnesses are dead, the proponent has stated that he has a witness who was present at the execution of the propounded instrument. The testimony of such a witness may be sufficient to establish the valid execution of the instrument offered for probate and a continuance is *311 granted for the purpose of taking the testimony of such witness or witnesses.
No order need be submitted on this decision unless the attorneys so desire. The matter may be restored to the calendar of Ibis court for a continuation of the hearing when the witnesses mentioned are available.