Edwakd S. Silver, J.
Petitioner offers for probate a holographic instrument, 2*4 by 3% inches in size, written upon both sides thereof. The decedent’s signature appears directly below the dispositive provisions with no space for any other signatures below it. The first witness ’ signature is on the right-hand side of the paper parallel to the edge thereof approximately at a right angle to the decedent’s signature and followed by the word “witness”; the other witness’ signature appears immediately thereafter at a right angle to the first witness’ signature on the side of the paper opposite decedent’s signature. This witness’ signature is inverted in relation to decedent’s signature and preceded by the word “ witness.” The question is whether the witnesses signed “ at the end” of the propounded instrument in accordance with the requirements of subdivision 4 of section 21 of the Decedent Estate Law.
Section 21 of the Decedent Estate Law was designed to prevent fraud (Younger v. Duffy, 94 N. Y. 535; Matter of Roughgarden, 162 Misc. 455) and its beneficial purpose should not be *223 thwarted by an. unduly strict interpretation of its provisions, especially where there is no opportunity for a fraud to have been perpetrated (Matter of Field 204 N. Y. 448). As stated in the Field case at page 457: “ Form should not be raised above substance in order to destroy a will and the .substantial thing in this case is a paper which reads straightforward and without interruption from the beginning to the end and when thus read the signature is found at the end.”
The court is satisfied that by the propounded paper, which is informally drawn, the decedent intended that it be his last will and testament. He was familiar with the basic requirements for the execution of a will and aware that his signature had to be witnessed. There not being sufficient space below or to the sides of decedent’s signature on the small piece of paper, the witnesses, of necessity, were forced to affix their signatures in the only spaces available on the paper. Under the circumstances indicated in this proceeding, a rigid construction of section 21 is not resorted to since there was no possibility of fraudulent additions to the instrument. The law affords the right of testamentary disposition, and a decedent’s wishes where clearly stated should not be thwarted unless clearly required (Matter of Golden, 165 Misc. 205, 206, affd. 253 App. Div. 919). The court is further satisfied that the witnesses to this instrument signed in the only spaces available with intent to witness decedent’s last will and testament in substantial compliance with section 21 of the Decedent Estate Law (Matter of Bupin, 36 Misc 2d 309; Matter of Young, 36 Misc 2d 718).
The genuineness of the instrument, the validity of its execution and the competency of the decedent all having been proven to the court’s satisfaction, the instrument will be admitted to probate.