Otto C. Jaeger, S.
This is a motion by the objectants for summary judgment denying probate to the purported will -dated October 13, 1959, on the ground that the witnesses did not sign “ at the end ” thereof in accordance with the requirements of subdivision 4 of section 21 of the Decedent Estate Law.
A previous motion seeking essentially the same relief, but brought on prior to filing objections, was denied by the court on procedural grounds and without passing upon the merits.
The propounded instrument is a one-page typewritten document on “ legal -cap ”. The dispositive provisions are followed by a testimonium -clause immediately below which appears what purports to be the -decedent’s signature. That signature is followed by an attestation clause, below which there is insufficient space for the signatures and addresses of the witnesses. The purported witnesses, three in number, signed in the left-hand margin of the paper in a position parallel to the red marginal line. The first signature begins at a point approximately one third of the distance down from .the top of the paper. The third signature ends within a fraction of an inch of the bottom of the paper. Each signature is on a typewritten line and under' each is a handwritten address also on a typewritten line. The signatures and addresses are preceded in the margin by the typewritten words, “ names ” and “ addresses
*837 If the will is read as it naturally would he, that is from top to bottom and from left to right, and if, upon reaching the bottom, the sheet is turned sideways so as to read the witnesses’ signatures in normal fashion from left to right, such signatures are not followed by any provision of the purported will and are ‘ ‘ at the end ” within .the meaning of the statute (Matter of Young, 36 Misc 2d 718; Matter of Kobrinsky, 51 Misc 2d 222; Matter of Adler, N. Y. L. J., Aug. 3, 1964, p. 9, col. 7 [Surrogate’s Ct., Kings County]). This is nothing in the statute which prohibits the witnesses from signing in the margin or which requires their signatures to parallel the testamentary provisions or the signature of the testator.
Moreover, even without turning the paper sideways, the signatures of two of the purported witnesses, although written vertically on the paper, are physically below all dispositive and material provisions .of the propounded instrument. This alone distinguishes the instant case from those cited by the movant. The second signature is adjacent to the testimonium clause. The third is adjacent to the attestation clause. Since neither the testimonium clause nor the attestation clause is a material provision of the will (Matter of Serveira, 205 App. Div. 686, 689; Matter of Haber, 118 Misc. 179, 182; Matter of Dupin, 36 Misc 2d 309), it cannot be held, as a matter of law, that these purported witnesses did not sign “ at the end ”.
The request for a stay of proceeding is rendered academic by this decision. Motion denied.